Willie HAMPTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9612–CR–488.

Court of Appeals of Indiana.

June 17, 1997.

Aaron E. Haith, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-Defendant, Willie Hampton ("Hampton"), appeals his conviction for violating I.C. 9–30–10–17 (Operating motor vehicle while privileges are forfeited for life), a class C felony. We affirm.

### Issue

Hampton raises one issue for our review, which we restate as: whether the State presented sufficient evidence to support the conviction of Hampton for operating a vehicle with his license being suspended for life?

### Facts and Procedural History

The facts most favorable to the judgment indicate that, while on patrol on the morning of November 11, 1995, police officers Lora Wilkins and Jerry Gorman found a stopped vehicle on the street of a residential neighborhood. The vehicle was positioned at an angle such that its rear and passenger side protruded into the roadway and its front and driver side rested in a yard immediately adjacent to the roadway. Further investigation revealed that the vehicle's engine was running, its lights were on, and it was in gear. It stopped moving because it was blocked by a rock in the yard. Hampton was the sole occupant of the vehicle. He was found asleep in the driver's seat. After learning that Hampton's driving license had been forfeited for life, the officers arrested him. Hampton was subsequently convicted after a bench trial of operating a vehicle while driving privileges forfeited for life and sentenced to the Indiana Department of Correction for two years. Hampton appeals his conviction and sentence.

### Discussion and Decision

We examine whether there was sufficient evidence to support Hampton's conviction. In reviewing claims of insufficiency of evidence, we neither reweigh the evidence nor resolve questions of credibility of the witnesses. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support

the judgment. *Custer v. State,* 637 N.E.2d 187, 188 (Ind.Ct.App.1994).

Hampton was convicted of violating I.C. 9–30–10–17, which provides that "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life ... commits a Class C felony." Under this statute the State is required to prove beyond a reasonable doubt that Hampton operated a motor vehicle while his license was forfeited for life.

Hampton stipulates that, at the time of his arrest, his driving license had been suspended as being a habitual offender. In addition, he makes no claim that some person other than himself had driven the vehicle before he was found by officers Wilkins and Gorman. However, he argues that the State has introduced insufficient evidence to prove that he "operated" the vehicle in which he was found.

■ Where a person is found sleeping in a motionless vehicle with the engine running, one panel of this court required that there be some direct or circumstantial evidence to show that the defendant operated the vehicle. *Custer v. State,* 637 N.E.2d at 188. Whether a person sitting in the driver's seat "operated" the vehicle is a question of fact to be determined by examining the surrounding circumstances. *Mordacq v. State,* 585 N.E.2d 22, 24 (Ind.Ct.App.1992).

■ Since there is no statutory definition of the verb "operate" used in I.C. 9–30–10–7, we deduce its meaning from the definition of "operator." The "operator" of a motor vehicle is "a person ... who ... drives or is in actual physical control of a motor vehicle upon a highway...." I.C. 9–13–2–118(a)(1). Therefore, to operate a vehicle is to drive it or be in actual physical control of it upon a highway. *Mordacq v. State,* 585 N.E.2d at 23.

■ A review of the cases applying this definition of "operate" to specific situations reveals that the court has considered three factors: (1) location of the vehicle when discovered; (2) whether the vehicle was in movement when discovered; and (3) additional evidence that defendant was observed operating the vehicle before he was discovered. These three factors are not the only factors that should be considered. Any evidence that leads to a reasonable inference

should be considered. Today we add the position of the automatic transmission as a factor.

When Hampton was discovered, his vehicle was not "parked" but simply "stopped" with its transmission in gear. This fact distinguishes the present case from *Clark v. State,* 611 N.E.2d 181 (Ind.Ct.App.1993), *trans. denied.*

■ At trial, Hampton contended that at the time of his arrest the vehicle was "parked" at the location where it was found. The State also characterized Hampton's vehicle as having been "parked" when discovered. This is an erroneous use of the word "parked," which, in describing the motion of a vehicle, means a situation of full stop without intention of immediate movement. It should be distinguished from a "stopped" vehicle where the gear could be in or out.[1] The Record specifically reveals that, when Hampton was found asleep behind the wheel, not only the engine of the vehicle was running and lights were on, but it also was in gear. It was not moving only because it was stopped, or "stuck" in the words of Officer Gorman, by a rock in the yard. In these circumstances, Hampton's vehicle was not parked, but was being operated.

The vehicle in which Hampton was found to be the sole occupant sitting in the driver's seat was being operated at the time of its discovery by police, and together with the physical location of the vehicle being partially in a roadway, offers sufficient direct and circumstantial evidence that Hampton operated the vehicle. It is therefore not necessary to present other evidence to prove that he had operated the vehicle immediately before he was found. Accordingly, the evidence was sufficient to sustain Hampton's conviction.

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.

---

1. In her testimony, Officer Wilkins resisted the confusion of "parked" with "stopped." When asked by defense counsel whether she found the vehicle "parked," she answered: "No, it was stopped." (R. 76).