# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 24 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| COURTNEY WEST, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 54A05-1404-CR-173 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-1307-FD-2306

**December 24, 2014**

**OPINION - FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Courtney West appeals her conviction of operating a vehicle while intoxicated with a prior conviction within the past five years, a Class D felony. Ind. Code §§ 9-30-5-2 (2001), 9-30-5-3 (2008). We affirm and remand with instructions.

On the afternoon of July 1, 2013, Ryan Edgell drove by the courthouse in Crawfordsville, Indiana. He saw a woman, who was later identified as West, sitting in the driver's seat of a parked car drinking a can of beer. The car was parked in a public parking spot along the side of the street. Edgell called 911, but he was told that no officers were available.

Next, Edgell went to lunch at a nearby restaurant. As he was eating, he saw West come out of the courthouse with a man, who was later identified as David West (David), and return to the car. West sat in the driver's seat.

Edgell called the police again, and Officer William Line of the Crawfordsville Police Department was dispatched to the scene. Line blocked West's car with his. He then approached West's car, which was running. West was still sitting in the driver's seat. Line asked West what she was doing, and West responded, "I'm trying to pull out, you were in my way." Tr. p. 11.

Line asked West to turn off the car and get out of it. West exited the car but did not turn it off. Line noticed that West's speech was slurred, and she had trouble pulling her driver's license out of her wallet. In addition, West had trouble following Line's instructions and had to touch the car to maintain her balance. West also had an odor of alcohol on her person. During their interaction, West told Line she was there because she had business in the courthouse that day.

2

Line asked West to perform balance, horizontal gaze nystagmus, and counting tests to determine if she was impaired, and she failed all of them. West submitted to a portable blood alcohol test, which showed a blood alcohol content of .28%. Id. at 19.

Next, Line asked West if she would consent to another breath test. She initially did not agree, saying, "if she'd take the test she'll flunk it, she had too much to drink." Id. at 19. West also told David, "I told you I was going to go to jail." Id. at 27. West eventually consented to the test, and Line took her to the jail, where the testing device was located. The test indicated that she had .23 grams of alcohol per 210 liters of breath. State's Ex. 6.

Line arrested West and returned to her car to impound it and conduct an inventory search. David was not allowed to drive the car because the officers determined that he was also intoxicated. During the search, Line found several open and partially full beer cans, including two in cup holders in the front console. He also found several empty beer cans and a cold case of beer on the floor behind the front seat.

The State charged West with operating a vehicle while intoxicated with a prior conviction within the past five years, a Class D felony, and operating a vehicle with a blood alcohol content of .15 or more with a prior conviction within the past five years, a Class D felony. The State also filed an affidavit in support of a habitual substance offender enhancement. West waived her right to a jury trial, and the State dismissed the habitual substance offender enhancement.

After a bench trial, the trial court found West "guilty of Count I, Operating While Intoxicated, a Class D Felony, and Count II, Operating With a Blood Alcohol Content of

3

.15 or More, a Class D Felony." Appellant's App. p. 8. At sentencing, the court reiterated that West was found guilty of both counts and determined "that for sentencing purposes Count II shall be merged with Count I." Id. at 4. The court then sentenced West, and this appeal followed.

Before we address West's claim, we note that her convictions raise a double jeopardy issue. A double jeopardy violation occurs when judgments of conviction are entered for the same criminal act and cannot be remedied by the "practical effect" of concurrent sentences or by merger after conviction has been entered. Gregory v. State, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008), trans. denied. A trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation. Id.

Here, in a document captioned "Judgment," the trial court noted that West was guilty on both counts before determining that Count II merged into Count I. Appellant's App. p. 4. Under these circumstances, we conclude the court entered judgment on the convictions, and merger was insufficient to remedy the double jeopardy violation. See Kovats v. State, 982 N.E.2d 409, 415 (Ind. Ct. App. 2013) (determining that the trial court entered judgment on multiple convictions and that merger without vacatur was inadequate). We thus remand this case with instructions to vacate the conviction of Count II, operating with a blood alcohol content of .15 or more.

West's sole claim on appeal is that the evidence is insufficient to sustain her conviction. When considering whether the evidence is sufficient to support a conviction, we neither reassess witness credibility nor reweigh the evidence, as those tasks are

4

reserved for the fact-finder.  Delagrange v. State, 5 N.E.3d 354, 356 (Ind. 2014).  Rather, we consider only the evidence most favorable to the conviction, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.  Id.

In order to obtain a conviction for operating a vehicle while intoxicated with a prior conviction within the past five years, the State was required to prove beyond a reasonable doubt that West (1) operated (2) a vehicle (3) while intoxicated (4) while having a prior conviction of operating while intoxicated (5) within the past five years.  Ind. Code §§ 9-30-5-2, 9-30-5-3.

West argues that the State failed to prove that she operated the car.  Several of this Court's past decisions noted that there was no statutory definition of "operate" and instead took guidance from the statutory definition of "operator."  See Crawley v. State, 920 N.E.2d 808, 812 (Ind. Ct. App. 2010), trans. denied; Nichols v. State, 783 N.E.2d 1210, 1212 (Ind. Ct. App. 2003).

In 2012, the General Assembly amended the term "operate," as set forth in Indiana Code section 9-13-2-117.5, to apply to the navigation of a "vehicle."  2012 Ind. Acts 2173.  That statute had previously been directed solely at motorboats.  Id.  The term "vehicle" means "a device in, upon, or by which a person or property is, or may be, transported or drawn upon a highway."  Ind. Code § 9-13-2-196 (2010).

In 2013, the General Assembly further amended Indiana Code section 9-13-2-117.5 to define "operate" as "to navigate or otherwise be in actual physical control of a vehicle."  2013 Ind. Acts. 504-05, 3596.  This definition took effect on July 1, 2013, the

date of West's offense. Thus, there is now a statutory definition of the term "operate" as applied to the offense of operating a vehicle while intoxicated. See Ind. Code § 9-13-1-1 (1991) ("[T]he definitions provided in this article apply throughout this title."). We have not found any prior appellate decisions applying this new definition of "operate" to a conviction for operating a vehicle while intoxicated, and the parties have not directed us to any.

Our application of a statute begins with an examination of its language. State v. Coats, 3 N.E.3d 528, 531 (Ind. 2014). Courts presume that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. Gauvin v. State, 883 N.E.2d 99, 103 (Ind. 2008). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Id.

In this case, Edgell first saw West sitting in the driver's seat of a parked car, drinking beer. When he next saw West, she returned to the car and sat in its driver's seat. When Officer Line approached West's car, its engine was running, and West was still sitting in the driver's seat. She told him, "I'm trying to pull out, you were in my way." Tr. p. 11. She also told him she had come to the courthouse earlier that day. Her blood alcohol content was later shown to be well over the legal limit, and a case of beer was found in the car, along with several empty cans of beer and several partially full cans of beer.

Applying the plain language of Indiana Code section 9-13-2-117.5 to this case, a reasonable finder of fact could conclude from this evidence that West was in "actual

6

physical control" of the running car when Line approached her, and she thus operated the vehicle as defined by statute.

In addition, this Court's prior decisions have considered the following factors in assessing whether a person has operated a vehicle: (1) the location of the vehicle when discovered; (2) whether the vehicle was in motion when discovered; and (3) additional evidence that defendant was observed operating the vehicle before he or she was discovered. Hampton v. State, 681 N.E.2d 250, 251 (Ind. Ct. App. 1997). This is not an exclusive list, because any evidence that leads to a reasonable inference should be included. Id. at 251-52.

The evidence favorable to the judgment indicates that the car was parked in a public spot alongside the street rather than in a private driveway. The car was not in motion when discovered, but West told Line that she had come to the courthouse that day. It is thus not unreasonable to infer that West drove the car. In addition, when Line approached the car, West was behind the wheel, the engine was running, and she told Line she was preparing to drive away. There were several empty beer cans in the car and several opened and partially full ones. Finally, West was highly intoxicated, showing a portable test result of .28 and a subsequent test result at the jail of .23.

A finder of fact could reasonably infer from this evidence that West was about to drive away in an intoxicated condition when Line blocked her car. See Traxler v. State, 538 N.E.2d 268, 270 (Ind. Ct. App 1989) (sufficient evidence that defendant operated a car while intoxicated where the defendant was found stopped on a county road with the

engine running and the headlights off). West's challenge to the sufficiency of the evidence must fail.

For the reasons stated above, we affirm the judgment of the trial court but remand with instructions as noted above.

Affirmed and remanded.

BAKER, J., and RILEY, J., concur.