## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 27 2015, 8:31 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Allen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 27, 2015<br><br>Court of Appeals Case No.<br>08A02-1504-CR-237<br><br>Appeal from the Carroll Circuit Court<br><br>The Honorable Benjamin A. Diener, Judge<br><br>Trial Court Cause No.<br>08C01-1403-FC-2 |

**Crone, Judge.**

# Case Summary

Eric Allen appeals his conviction for class C felony operating a motor vehicle while privileges are forfeited for life, following a jury trial. His sole contention on appeal is that the evidence is insufficient to support his conviction. Specifically, he argues that the State failed to prove that he "operated" a motor vehicle. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

The facts most favorable to the verdict indicate that on March 1, 2014, at 11:40 p.m., Town of Flora Police Officer Joshua Disinger received a dispatch that a car had slid off State Road 25 just south of Rockfield. Officer Disinger arrived at the scene at 11:55 p.m. When he arrived, Officer Disinger observed that a vehicle was in the ditch on the righthand side of the northbound lane. The vehicle was approximately twenty feet from the roadway. Officer Disinger saw that the taillights of the vehicle were switching back and forth between brake lights and reverse lights "as if it was switching gears." Tr. at 41. Disinger surmised that the driver of the vehicle was trying to get the vehicle out of the mud and ice by spinning the tires forward and backward. After Officer Disinger exited his patrol car and proceeded down the embankment, the driver of the vehicle, Allen, exited the driver's-side door of the vehicle and approached Officer Disinger. Allen told Officer Disinger that he was not "driving the vehicle" but that he was just trying to "get it out of the ditch." *Id*. at 43. The vehicle was registered to Allen's mother, Delores Williams.

[3] The State charged Allen with class C felony operating a motor vehicle while privileges are forfeited for life. A jury trial was held on January 26, 2015. During trial, Allen testified that, on the night in question, his mother let his nephew, Dewaun Filmore, borrow her car. Allen stated that his mother called him and told him that Dewaun had called her to tell her that the car had slid off the highway near Delphi. Allen testified that his mother asked him to go to the scene to help. Allen explained that his friend Louie drove him to the scene of the slide-off and dropped him off. He claimed that the two women who had been riding with Filmore were still in the car when he got there, but that Filmore was no longer present.

[4] Similarly, Filmore testified that he had been driving the vehicle when it slid-off the highway. He stated that Allen's mother came to pick him up and that he left the scene before Officer Disinger arrived. The jury found Allen guilty as charged. This appeal ensued.

## Discussion and Decision

[5] Allen challenges the sufficiency of the evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is

enough to support the verdict, then the reviewing court will not disturb the conviction. *Id*. at 500.

[6] The version of Indiana Code Section 9-30-10-17(a) in effect at the time of Allen's crime provided that "a person who operates a motor vehicle after the person's driving privileges are forfeited for life" under section 16 of the habitual traffic violator chapter or its two predecessor statutes commits a class C felony. Prior to trial, Allen stipulated that his driving privileges are forfeited for life and that he was aware of that fact on March 1, 2014. His sole contention on appeal is that the State failed to prove that he operated a motor vehicle on the day in question. We disagree.

[7] In *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied* (2015), another panel of this Court noted that, as applied to our motor vehicle statutes, our legislature has defined "operate" as "to navigate or otherwise be in actual physical control of a vehicle." *Id*. (citing Ind. Code § 9-13-2-117.5). Factors that may be considered in determining whether a person has operated a vehicle include: (1) the location of the vehicle when discovered; (2) whether the vehicle was in motion when discovered; and (3) additional evidence that defendant was observed operating the vehicle before he or she was discovered. *Id*. "This is not an exclusive list, because any evidence that leads to a reasonable inference should be included." *Id*. at 251-52.

[8] The facts most favorable to the verdict clearly supports a reasonable inference that Allen was navigating or otherwise in actual physical control of a motor

vehicle when Officer Disinger arrived at the scene of the slide-off. Indeed, Allen admits that he was trying to move the vehicle out of the ditch, in that he sat in the driver's seat of the running vehicle and engaged the steering wheel, the accelerator, and the transmission. He simply urges that there was no evidence that he earlier drove the vehicle on a public highway, and he invites us to conclude that trying "to get the car out of the ditch" should not be considered "operating" a motor vehicle. Appellant's Br. at 10. We decline his invitation.[1] There was ample evidence before the jury to support its conclusion that Allen's actions constituted navigating and physically controlling a motor vehicle. The State presented sufficient evidence from which the jury could conclude that Allen operated a motor vehicle while his driving privileges were forfeited for life. His conviction is affirmed.

[9] Affirmed.

May, J., and Bradford, J., concur.

---

[1] Allen directs us to his own self-serving testimony and the testimony of Filmore, in which both claimed that Filmore, not Allen, was driving the vehicle when it slid off the highway. First, we note that the statutory definition of operating does not include a requirement that the navigation or actual physical control of the vehicle occur on a public road. Moreover, even assuming such requirement existed, it was the jury's prerogative to determine the credibility of the witnesses, and we will not reassess that credibility on appeal. *Bell*, 31 N.E.3d at 499. Curiously, Filmore was not present at the scene when Officer Disinger arrived and, despite his and Allen's explanations, the jury was free to disbelieve their narratives. The jury had enough evidence before it to reasonably infer that Allen was driving the vehicle when it slid off the highway.