## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 18 2016, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Indianapolis, Indianapolis

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vino Mason, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 18, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1511-CR-2016 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Shatrese M. Flowers, Judge <br><br> Trial Court Cause No. <br> 49G20-1311-FD-72531 |

**Mathias, Judge.**

[1] Following a jury trial, Vino Mason ("Mason") was convicted in Marion Superior Court of Class D felony dealing in marijuana and Class D possession

of marijuana. The trial court merged the convictions and ordered Mason to serve two years at the Department of Correction, with one year suspended to probation and eighty community service hours. Mason now appeals and presents three issues for our review, which we restate as:

> I. Whether the evidence was sufficient to support Mason's conviction of Class D felony dealing in marijuana;
>
> II. Whether the trial court erred in merging Mason's Class D felony dealing in marijuana and Class D felony possession of marijuana after entering conviction on both charges; and,
>
> III. Whether the trial court erred in imposing a supplemental public defender fee.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

On November 3, 2013, a team of ten Indianapolis Metro Police Department ("IMPD") Metro Drug task force officers led by Detective Sergeant Scott Brimer ("Detective Brimer"), executed a search warrant at a local variety store on White Avenue in Indianapolis. The store was divided into a common area that was open to customers and an employee area that was separated by a door and a plexiglass window. When the team arrived inside the store, they found French Tibbs ("Tibbs") in the common area and Mason in the employee area. Officers secured Tibbs and Mason and searched the premises.

In the employee area, on a table that Mason was standing next to, officers found a jar of 19.54 grams of marijuana, a cell phone, and a digital scale. Underneath the table, officers discovered another bag with 68.12 grams of marijuana. Officers also found another scale and a bottle of pills later determined to be Oxycodone and Xanax.

Tibbs and Mason were both arrested. Officers then searched the two men incident to arrest and found over $1,100 in cash on Tibbs and over $2,400 in cash on Mason. Detective Brimer asked Mason if he worked at the store, but Mason indicated that he did not have a job. Detective Brimer also asked Tibbs where he acquired the money. Tibbs explained that the money was proceeds from the store and also told Detective Brimer, "It's my store, [Mason] doesn't have anything to do with it." Tr. pp. 97-98. However, a local man who frequented the store indicated that he had seen Mason working there on several prior occasions.

On November 7, 2013, the State charged Mason with Class D felony dealing in marijuana and Class D felony possession of marijuana. The State amended the charging information on July 21, 2014, and added Class B felony dealing in a controlled substance and Class B felony possession of a controlled substance. A jury trial was held on August 26, 2015, in which Mason was convicted of Class D felony dealing in marijuana and Class D felony possession of marijuana. The trial court held a sentencing hearing on October 29, 2015, and entered conviction on both charges but merged the convictions. The court then ordered

Mason to serve two years in the Department of Correction with one year suspended to probation and eighty community service hours.

[7] In its sentencing order, the court ordered Mason to pay a $200 supplemental public defender fee. However, at the sentencing hearing, the court stated that Mason was indigent to the public defender fee. Tr. p. 320. This was also noted in the CCS, abstract of judgment, and the order of commitment to community corrections. Appellant's App. pp. 15-16, 19, 92. The trial court's judgment of conviction order noted that Mason was both indigent as to court costs but also indicated that he owed a public defender fee. Mason now appeals.

## I. Sufficiency of the Evidence

[8] Mason argues that his Class D felony dealing in marijuana conviction was not supported by sufficient evidence. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of witnesses, and respects the jury's exclusive province to weigh conflicting evidence." *Montgomery v. State*, 878 N.E.2d 262, 265 (Ind. Ct. App. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

The State was required to prove beyond a reasonable doubt that Mason:

> knowingly or intentionally possesse[d] with the intent to deliver marijuana, hash oil, hashish, or salvia.

Ind. Code § 35-48-4-10(a)(2).[1] To elevate the offense to a Class D felony, the State had to prove that the marijuana had an aggregate weight of greater than thirty grams. Ind. Code § 35-48-4-10(b)(1)(B). Mason does not challenge that more than thirty grams was found in the employee area at the store, but rather claims that he did not possess the marijuana.

It is well-established that a conviction for possession of contraband may be founded upon actual or constructive possession. *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). Actual possession occurs when a defendant has direct physical control over an item, whereas constructive possession occurs when a person has the intent and capability to maintain dominion and control over the item. *Id.*

To fulfill the capability element of constructive possession, the State must demonstrate that the defendant was able to reduce the controlled substance to his personal possession. *Id.* To satisfy the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Id.* at

---

[1] Although the trial court entered conviction on Class D felony dealing in marijuana and possession of marijuana, the convictions were merged into the Class D felony dealing in marijuana conviction.

784. In cases where the accused has exclusive possession of the premises on which contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Id.* When possession of the premises is not exclusive, though, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id.* The recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband is in plain view; and (6) the location of the contraband is in close proximity to items owned by the defendant. *Id.*

[12] Here, Detective Brimer testified that when officers arrived at the variety store that Tibbs was standing in the customer area, while Mason was standing in the employee area, which had a plexiglass barrier separating the two areas. After taking Mason and Tibbs into custody, officers on the Metro Task Force searched the premises and found in plain view a jar of marijuana[2], a bag of marijuana, two digital scales with marijuana residue, and a pill bottle containing what was later determined to be Oxycodone and Xanax. Mason was standing next to the table with the jar of marijuana on it and the bag of

---

[2] The substances presumed to be marijuana were tested by forensic chemist Linda McCready ("McCready") at the Marion County crime lab. McCready determined that marijuana was present with a weight of 68.12 grams.

marijuana underneath it. Further, Mason's wallet was discovered on the table next to the marijuana and the scale.

[13] Based on these facts and circumstances, Mason did not have exclusive control of the premises, so the jury was required to consider the additional factors that indicate Mason's knowledge of the presence of the marijuana and his ability to control it. Mason did not make incriminating statements, flee or make furtive gestures, and was not in a drug manufacturing setting; however, the marijuana was in plain view, Mason was standing right next to the table that contained the marijuana, and Mason's wallet was found on the table next to the marijuana and scale. Based on this evidence, it was reasonable for a jury to conclude that Mason possessed marijuana with the intent to deliver.

[14] The jury has discretion to weigh the evidence presented. We must respect this discretion. *See McHenry*, 820 N.E.2d at 126. Therefore, we conclude that the State presented sufficient evidence to support Mason's Class D felony dealing in marijuana conviction.

## II. Double Jeopardy

[15] Mason also argues that the trial court erred in merging his Class D felony dealing in marijuana and Class D felony possession of marijuana after entering conviction on both charges. Specifically, Mason contends that this resulted in a double jeopardy violation. A double jeopardy violation occurs when judgments of conviction are entered for the same criminal act and cannot be remedied by the "practical effect" of concurrent sentences by merger after conviction has

been entered. *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014). A trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation. *Id.*

[16] Here, in the trial court's order of judgment and conviction of sentence, it noted that Mason was guilty of both Class D felony dealing in marijuana and possession of marijuana and entered conviction on both counts before merging the possession of marijuana conviction into the dealing in marijuana conviction. Appellant's App. pp. 88-93. Based on these circumstances, we conclude that the trial court entered judgment on both convictions, and merger was insufficient to remedy this double jeopardy violation. Therefore, we remand this case to the trial court with instructions that it vacate the Class D felony possession of marijuana conviction. *See West*, 22 N.E.3d at 875.

### III. Public Defender Fee

[17] Further, Mason contends that the trial court erred in imposing a supplemental public defender fee in its sentencing order. Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). We review a trial court's sentencing decision for an abuse of discretion. *Powell v. State*, 769 N.E.2d 1128, 1134 (Ind. 2002). An abuse of discretion occurs when the sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007).

[18] During the sentencing hearing, the trial court noted that it was finding Mason indigent as to a public defender fee, a fine, and court costs. Tr. p. 320. The same finding was recorded in the CCS, the abstract of judgment, and the order of commitment to community corrections. Appellant's App. pp. 15-16, 19, 92. However, in the court's order of judgment of conviction and sentence, the court checked the box indicating that Mason owed a public defender fee but also noted that he was indigent. Appellant's App. pp. 90, 92. In addition, the court imposed a $200 supplemental public defender fee in its written sentencing order. Appellant's App. p. 21.

[19] The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court. *McElroy*, 865 N.E.2d at 589. Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court. *Id.* We have the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.* (citing *Wiley v. State*, 712 N.E.2d 434, 446 n. 8 (Ind. 1999) ("[T]he trial court issued its written sentencing order that was consistent with the Abstract of Judgment, but at odds with the oral pronouncement at the sentencing hearing. . . Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors."))

[20]    Like our supreme court concluded in *Wiley*, we conclude that because the trial indicated at the sentencing hearing that Mason would be found indigent as to a public defender, fines, and court costs but then imposed the public defender fee on the order of conviction and sentence and the sentencing order, that clerical errors exist on the sentencing order that need to be corrected. Therefore, we remand this case to the trial court with instructions to clarify whether Mason is indigent or responsible to pay the supplemental public defender fee.

## Conclusion

[21]    The State presented sufficient evidence to support Mason's Class D felony dealing in marijuana conviction. However, the trial court erred by merging Mason's Class D felony dealing in marijuana and possession of marijuana convictions and in finding him both indigent and requiring him to pay the public defender fee. Therefore, we remand this case to the trial court with instructions to correct the sentencing order by vacating Mason's Class D felony possession of marijuana conviction and to clarify whether Mason is indigent or responsible to pay the supplement public defender fee.

[22]    Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Barnes, J., concur.