## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Martin L. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 14, 2017

Court of Appeals Case No.
79A04-1704-CR-862

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1606-F5-94

**Crone, Judge.**

# Case Summary

[1] In a bifurcated proceeding, a jury convicted Martin L. Johnson of level 6 felony residential entry, class A misdemeanor carrying a handgun without a license, and class B misdemeanor criminal mischief, all stemming from an incident in which he dented one apartment door with his handgun and then forced his way into a different apartment where a mother and her baby were present. Based on the same underlying facts, the trial court then convicted Johnson of level 5 felony carrying a handgun without a license with a prior felony conviction and level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"). The trial court entered judgment of conviction on all counts except the class A misdemeanor handgun conviction, which it merged with his level 5 felony handgun conviction, and imposed an aggregate eight-year sentence.

[2] Johnson appeals, claiming that the trial court's entry of judgment of conviction for both the level 4 and level 5 felony firearm possession offenses violates double jeopardy principles. He also challenges the appropriateness of his sentence. The State concedes the double jeopardy violation, and we remand with instructions to vacate Johnson's level 5 felony conviction. We also conclude that Johnson has failed to meet his burden of establishing that his aggregate sentence is inappropriate under Indiana Appellate Rule 7(B). Therefore, we affirm his sentence.

## Facts and Procedural History

[3] One evening in June 2016, Lafayette Police Department Sergeant Adam Mellady was patrolling a Lafayette apartment complex when he observed Johnson shouting and banging on the exterior door of one of the apartments with a handgun. A neighbor, Taronda Flowers, heard the commotion and looked out her door. Shortly thereafter, Sergeant Mellady approached Johnson in his police vehicle and ordered him to stop. Johnson disregarded the order, shoved the handgun in the back of his waistband, and began running. With Sergeant Mellady in pursuit, Johnson forced his way into Flowers's apartment, where she and her one-year-old baby were present. Flowers began screaming, "[G]et out of my house," and "[G]et that gun out of my house." Tr. Vol. 2 at 89. Johnson ran into Flowers's kitchen and discarded the handgun in her wastebasket. Immediately thereafter, officers apprehended and arrested Johnson and collected the handgun.

[4] The State charged Johnson with level 6 felony residential entry, class A misdemeanor carrying a handgun without a license, level 5 felony carrying a handgun with a prior felony conviction (cocaine possession), class B misdemeanor criminal mischief, and level 4 felony unlawful possession of a firearm by an SVF (with SVF status based on a conviction for conspiracy to commit murder). The proceedings were bifurcated, and a jury found Johnson guilty as charged on the counts of residential entry, misdemeanor carrying a handgun without a license, and criminal mischief. The remaining counts were tried before the court, which found Johnson guilty as charged.

[5] At sentencing, the trial court entered judgment of conviction on all counts except the class A misdemeanor conviction, which it merged with the level 5 felony conviction due to double jeopardy concerns. The court sentenced Johnson to concurrent terms of eight years for the level 4 felony SVF conviction, five years for the level 5 felony handgun conviction, two years for the level 6 felony residential entry conviction, and 180 days for the criminal mischief conviction. Of the aggregate eight-year term, the court ordered six years executed, with two of those years in community corrections, and two years suspended to probation.

[6] Johnson now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

## Section 1 – The trial court violated double jeopardy principles by entering judgment of conviction on two firearm possession counts stemming from the same act.

[7] Johnson asserts, and the State properly concedes, that the trial court violated double jeopardy principles when it entered judgment on both his level 4 and level 5 felony firearm possession convictions. *See Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (double jeopardy includes "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished.") (quoting *Richardson v. State*, 717 N.E.2d 32, 56 (Ind. 1999) (Sullivan, J., concurring))). As such, we remand with instructions to vacate Johnson's conviction for level 5 felony carrying a handgun without a license with a previous felony conviction. *See West v. State*,

22 N.E.3d 872, 875 (Ind. Ct. App. 2014) (remedy for double jeopardy violation is vacatur of lesser offense), *trans. denied* (2015). On remand, the trial court should also amend its sentencing order to state that the sentence for the criminal mischief conviction is 180 days instead of five years.

## Section 2 – Johnson has failed to meet his burden of establishing that his eight-year sentence is inappropriate in light of the nature of the offenses and his character.

[8] Johnson also asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this

Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[9] In considering the nature of Johnson's offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Id.* at 494. When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the typical offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[10] Having ordered that the trial court vacate Johnson's level 5 felony handgun conviction, we note that his aggregate eight-year sentence now comprises one level 4 felony, for which the sentencing range is two to twelve years with a six-year advisory term, Ind. Code § 35-50-2-5.5; one level 6 felony, which carries a sentencing range of six months to two and one-half years with a one-year advisory term, Ind. Code § 35-50-2-7; and one class B misdemeanor, which carries a sentence of not more than 180 days. Ind. Code § 35-50-3-3.

[11] Johnson characterizes his offenses as neither more nor less egregious than the typical offense in each category and thus undeserving of a sentence above the advisory for each count. While he may be correct regarding the nature of his misdemeanor criminal mischief offense, we find his most serious offenses to be more egregious than the typical offenses as defined by the legislature. Unlawful possession of a firearm by an SVF is a status offense that requires Johnson's

knowing or intentional possession of a firearm coupled with his status as an SVF, here, for his prior conviction for conspiracy to commit murder. Ind. Code §§ 35-47-4-5(a)(1)(B), -5(b)(1), -5(c). Police did not merely find Johnson in possession of a firearm at his home, hidden in his vehicle, or under some other set of comparatively benign circumstances. Rather, they found him using it to damage property and then carrying it during a confrontational home invasion. This conduct also implicates the nature of his residential entry offense as atypical and egregious. Indiana Code Section 35-43-2-1.5 defines residential entry as knowingly or intentionally breaking and entering the dwelling of another person. This was not a typical break-in to steal some cash or baubles. Instead, Johnson, armed with a handgun, forced his way into Flowers's home, placing her in fear for her life and the life of her baby. In the context of Johnson's request for a reduced sentence, we simply do not find the nature of his offenses to merit a shorter term.

[12] Similarly, Johnson's character does not merit a shorter sentence. We conduct our review of his character by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571. Based on our review of the record, we agree with the trial court's assessment that the thirty-five-year-old Johnson has demonstrated "a pattern of complete disregard for the law since [he was] a young teenager." Tr. Vol. 2 at 200. His lengthy criminal record includes more than twenty misdemeanor convictions for a variety of offenses such as battery, marijuana possession, resisting law enforcement, and failure to stop after an accident, with

repeated convictions for domestic battery and criminal trespass and numerous convictions for driving without a license and driving while suspended. Even more significant are his felony convictions for conspiracy to commit murder, cocaine possession, home invasion, and driving while suspended. He also has demonstrated a failure to respond positively to more lenient sentencing options. He has been the subject of several probation revocation proceedings, and his probation was twice terminated unsuccessfully. Additionally, the presentence investigation report indicates that he has not conducted himself well when sentenced to community corrections in the past. *See* Appellant's App. Vol. 2 at 164 ("Tippecanoe County Community Corrections reported [Johnson] was classified as a Habitual Rule Violator."). To the extent that he characterizes his criminal behavior and probation failures as old news, we note that he was on probation for a felony drug conviction at the time he committed the current offenses. We acknowledge that he participated in programs to better himself while in jail, but we also note that the trial court built some leniency into his current sentence by executing only six years, with two of those years in community corrections, and granting him two years of probation despite his record of probation failures.

[13] Simply put, Johnson has failed to demonstrate that his sentence is inappropriate in light of the nature of the offenses and his character. Accordingly, we affirm his sentence.

Affirmed and remanded.

Vaidik, C.J., and Mathias, J., concur.