## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2018, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cory Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 15, 2018

Court of Appeals Case No.
49A02-1708-CR-1854

Appeal from the Marion Superior Court

The Honorable Linda Brown, Judge

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G10-1704-CM-13838

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Cory Jones was convicted of operating a vehicle with an alcohol concentration equivalent ("ACE") to at least .08 grams of alcohol per one hundred milliliters of blood, a Class C misdemeanor. Jones appeals his conviction, raising one issue for review: whether the evidence is sufficient to support his conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On April 14, 2017, around 9:15 pm, Officer Robert F. Williams of the Indianapolis Metropolitan Police Department came across a silver Toyota wedged between two boulders off the side of the road. The vehicle was running and the headlights were on. Officer Williams approached the vehicle and found Jones in the driver's seat. Officer Williams testified that when he started talking to Jones, "there was a strong odor of alcohol emitting from the vehicle and his person." Transcript, Volume II at 5. Officer Williams also testified that Jones was walking in an unsteady manner, was slurring his speech, and had glassy and bloodshot eyes. Officer Williams identified these as signs of intoxication and requested a certified DUI investigator be sent to the scene.

[3] Officer Stout, who has been trained as a DUI investigator, arrived on the scene around 9:50 pm. Officer Stout pulled Jones aside and identified signs of intoxication, including slurred speech, glassy and bloodshot eyes, and unsteady balance. Officer Stout proceeded to administer a horizontal gaze nystagmus

field sobriety test on Jones. This was the only field sobriety test administered on Jones, because Jones said he had a physical injury which would impair his ability to perform additional tests. After Jones failed the horizontal gaze nystagmus test, Officer Stout explained the Indiana Implied Consent Law to Jones. Jones refused to submit to a chemical test despite being advised that his refusal would result in the suspension of his license for one year. Officer Stout read Jones his rights and requested a search warrant authorizing a chemical test on Jones. When Officer Stout asked what happened regarding the accident, Jones stated "he must have been going too fast to make the turn[.]" Tr., Vol. II at 18. After receiving an electronic search warrant, Officer Stout took Jones to Eskenazi Hospital for a blood draw. The results indicated Jones had an ACE of .14 grams per one hundred milliliters of blood when it was drawn.

[4] The State charged Jones with operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, and operating a vehicle with an ACE of .08 or more, a Class C misdemeanor. At a bench trial at which Officer Williams and Officer Stout testified, Jones moved for a Trial Rule 41(B) involuntary dismissal regarding both charges. The trial court granted the dismissal regarding the operating a vehicle while intoxicated endangering a person charge, finding a lack of evidence to support endangerment and the mental status requirement of intoxication. Tr., Vol. II at 24. The trial court denied the motion regarding the charge of operating a vehicle with an ACE of .08 or more and subsequently found Jones guilty of this charge. The trial court then sentenced Jones to sixty days in county jail with fifty-eight days suspended,

ninety days of probation, twenty-four hours of community service, and suspended his driver's license for one year. Jones now appeals his conviction.

# Discussion and Decision

## I. Standard of Review

[5] When reviewing a defendant's claim of insufficient evidence, "[o]ur standard of review is deferential to the factfinder[.]" *Taylor v. State*, 86 N.E.3d 157, 163 (Ind. 2017). We neither reweigh the evidence nor judge the credibility of the witnesses. *Buelna v. State*, 20 N.E.3d 137, 141 (Ind. 2014). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* Evidence is considered sufficient if "an inference may reasonably be drawn from it to support the verdict." *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quotation omitted). We will affirm the conviction "unless no reasonable factfinder could find the defendant guilty." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016).

## II. Sufficiency of the Evidence

### A. Operation of Vehicle

[6] First, Jones argues that there was insufficient evidence presented at trial to establish that he was operating his vehicle, a required element of operating with an ACE of at least .08. Jones reasons that Officer Williams finding him off the side of the road was not enough to establish his operation of the vehicle. Although Jones admits that he operated his vehicle at some point that day, he

contends that "the record fails to establish when this occurred." Brief of Appellant at 13.

[7] In Indiana, "[a] person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per: (1) one hundred (100) milliliters of the person's blood . . . commits a Class C misdemeanor." Ind. Code § 9-30-5-1(a). "Operate" means "to navigate or otherwise be in actual physical control of a vehicle, motorboat, off-road vehicle, or snowmobile." Ind. Code § 9-13-2-117.5. Factors that may be considered to determine whether a person has operated a vehicle include, but are not limited to, the location of the vehicle when discovered; whether the vehicle was in motion when discovered; and evidence that the defendant was observed operating the vehicle before he or she was discovered. *West v. State*, 22 N.E.3d 872, 876 (Ind. Ct. App. 2014), *trans. denied*. In addition to these factors, "any evidence that leads to a reasonable inference should be included." *Id.*

[8] Officer Williams testified that when he discovered Jones' vehicle off the road, the lights were on and "the vehicle was running." Tr., Vol II at 5. Upon approaching the vehicle, Officer Williams testified that Jones was "sitting in the . . . driver's seat with the vehicle running." *Id.* Jones told Officer Williams that he ended up off the road because he forgot to turn. Officer Stout testified that Jones admitted to driving and, when asked what happened, "said he must have been going too fast to make the turn, and went straight into the construction lot . . . ." *Id.* at 18.

[9]     This evidence indicates that Jones admitted to driving his vehicle off the road and was found in the driver's seat of that vehicle while it was running and with the headlights on. We believe a reasonable factfinder could infer from this evidence that Jones was in actual physical control of his vehicle and met the statutory definition of "operate" pursuant to Indiana Code section 9-13-2-117.5.

## B. Alcohol Concentration

[10]    Second, Jones argues that there was insufficient evidence presented at trial to establish that he had an ACE of at least .08 while he was operating his vehicle.

[11]    To prove an offense under Indiana Code chapter 9-30-5, "evidence of the alcohol concentration that was in the blood of the person charged with the offense: (1) at the time of the alleged violation; or (2) within the time allowed for testing under [IC 9-30-6-2] . . . is admissible." Ind. Code § 9-30-6-15(a). If a chemical test is administered within three hours after a law enforcement officer has probable cause to believe a person has committed an offense under Indiana Code chapter 9-30-5, and the results show an ACE of at least .08, "the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood . . . at the time the person operated the vehicle. However, this presumption is rebuttable." Ind. Code § 9-30-6-15(b).

[12]    The State acknowledges that it did not establish that the chemical test was administered within the proper timeframe to take advantage of the statutory

presumption found in Indiana Code section 9-30-6-15(b). Nevertheless, the State argues it still presented "substantial evidence . . . to support [Jones'] conviction." State's Brief of Appellee at 14.

[13] During the bench trial, evidence was presented that Jones drove his vehicle off the road and into a construction lot. Two officers testified that they detected the odor of alcohol coming from Jones when they arrived at the scene of the accident. Officer Stout, a certified DUI investigator, testified that he found probable cause to believe Jones had operated a vehicle while intoxicated from alcohol. Because Jones refused to submit to a chemical test, Officer Stout obtained a search warrant for a blood draw. After obtaining the warrant, Officer Stout transported Jones from the scene of the accident to the hospital. The results of a blood draw on Jones show an alcohol concentration of .14 grams per one hundred milliliters. The testimony of Officers Williams and Stout also indicates that Jones was in the presence of the police from the time Officer Williams arrived on the scene until Jones' blood draw at the hospital.

[14] Jones argues that the State's evidence was insufficient because there was no expert evidence extrapolating the results of the blood draw back to the time that Jones was operating the vehicle. However, on appeal, we consider only whether "an inference may reasonably be drawn from [the evidence presented] to support the verdict." *Drane*, 867 N.E.2d at 147. Given the testimony of the officers regarding the odor of alcohol on Jones at the scene of the accident, the subsequent result of Jones' blood draw, which was well over the .08 threshold required under the statute, and the constant police presence between the time

Officer Williams discovered Jones and the time of the blood draw, we cannot say that "no reasonable factfinder could find the defendant guilty." *Griffith*, 59 N.E.3d at 958. Therefore, we conclude that Jones' claims of insufficient evidence to support his conviction are unavailing.

# Conclusion

[15] The evidence presented by the State supports the judgment that Jones operated his vehicle with an alcohol content equivalent to at least .08 grams of alcohol per one hundred milliliters of blood. Jones' conviction is therefore affirmed.

[16] Affirmed.

Crone, J., and Bradford, J., concur.