## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2020, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Blake Boyd,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff,*

October 19, 2020

Court of Appeals Case No.
20A-CR-407

Appeal from the Tippecanoe
Superior Court

The Honorable Kristen E. McVey,
Judge

Trial Court Cause No.
79D05-1911-F6-1241

**Robb, Judge.**

[1] Blake Boyd was charged with battery, a Class B misdemeanor, and sexual battery, a Level 6 felony, for the single act of reaching up a woman's skirt and grabbing her buttocks. Following a bench trial, the trial court entered a written Order on Bench Trial concluding, "The Court finds [Boyd] guilty of Sexual Battery as a Level 6 felony. The Court finds Battery, as a Class B misdemeanor is a lesser included offense of Count [II]." Appellant's Appendix, Volume II at 35.[1] The trial court's written sentencing order entered judgment of conviction only for sexual battery: "Court now enters judgment of conviction on Count [II], Sexual Battery as a Level 6 Felony and finds Count [I], Battery as a B Misdemeanor merges into Count [II]."[2] Appealed Order at 3. The abstract of judgment, however, states "Conviction Merged" as to the battery count:

| PART I | | | |
|--------|-----------------------------------------------------------------------------------------|----------|----------|
| COUNT | CRIME | STATUTORY CITATION | DISPOSITION |
| I | 35-42-2-1(c)(1)/MB: Battery | 35-42-2-1(c)(1) | Conviction Merged |
| II | 35-42-4-8(a)(2)/F6: Sexual Battery def. touches another person's genitals, pubic area, buttocks, or | 35-42-4-8(a)(2) | Finding of Guilty |

The Defendant was charged with the following crimes under the above-referenced cause:

*Id.* at 1.

[2] Boyd appeals, raising as his sole issue whether the case should be remanded to the trial court to correct the abstract of judgment to show that any battery

---

[1] A question was raised at trial as to whether the victim, being conscious at the time, was "unaware" that the touching was occurring as required by the sexual battery statute. Ind. Code § 35-42-4-8(a)(2). The trial court took the matter under advisement and issued this written order approximately a week later explaining and announcing its judgment.

[2] Boyd was originally charged with Count I, battery. Count II, sexual battery, was added seven months later. *See* Appellant's App., Vol. II at 13, 29-31. The trial court's sentencing order incorrectly refers to Count I as sexual battery and Count II as battery.

conviction has been vacated because "the entry of a judgment of conviction for misdemeanor battery in the abstract of judgment constitutes a double jeopardy violation." Brief of Appellant at 4.

[3] Boyd argues and the State concedes that the evidence at trial established only one battery. *See id.* at 12; Br. of Appellee at 6. Thus, convictions for both sexual battery and battery would constitute double jeopardy. *See Wadle v. State*, 151 N.E.3d 227, 235 (Ind. 2020) (because the facts show only a single continuous crime, and battery is included in sexual battery, the presumption is that the legislature intended alternative sanctions); Ind. Code § 35-31.5-2-168 (defining an "included offense," in part, as an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged"). Consequently, judgment of conviction may not be entered against Boyd for both counts. *See* Ind. Code § 35-38-1-6 ("Whenever . . . a defendant is charged with an offense and an included offense in separate counts; and . . . the defendant is found guilty on both counts[,] judgment and sentence may not be entered against the defendant for the included offense.").

[4] Although the trial court did not specifically find Boyd guilty of battery, *see* Appellant's App., Vol. II at 34-35, did not expressly enter judgment of conviction against Boyd for battery, *see* Appealed Order at 3, and did not sentence Boyd for battery, *see id.* at 1, the abstract of judgment implies that a conviction was entered on the battery count, *see id*. A double jeopardy violation "cannot be remedied by the practical effect of concurrent sentences or by

merger after conviction has been entered. A trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation." *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014) (internal quotation and citation omitted), *trans. denied*. To the extent the abstract of judgment creates the appearance of two convictions, the parties agree it is erroneous. *See* Br. of Appellant at 13; Br. of Appellee at 6-7. We therefore remand to the trial court to correct the abstract to reflect either that Count I, battery, was disposed by a finding of not guilty or that any conviction on the battery count was vacated.

Remanded.

Crone, J., and Brown, J., concur.