Statement of the Case
Najam, Judge.
Larry D. Bass appeals his convictions for operating a vehicle while intoxicated (“OWI”), one as a Class A misdemeanor and one as a Class C misdemeanor, following a bench trial. Bass raises two issues for our review, which we consolidate and restate as whether the trial court violated Bass’s double jeopardy rights when it entered its judgment of conviction against Bass on both OWI counts, We conclude that where, as here, the trial court states that the defendant has been found guilty of multiple counts of OWI, enters a “judgment” that is not specific as to those counts, and then states that the counts “merge for purposes of sentencing,” Indiana’s case law requires this court to remand to the trial court with instructions that it specifically vacate the lesser offense. Accordingly, we reverse and remand with instructions.
Facts and Procedural History
On December 10, 2014, Joanna Tucker discovered Bass unconscious inside of his running, but stopped, vehicle in the middle of the intersection of Seventh Street and Lafayette Avenue in Columbus. Tucker placed Bass’s vehicle in park. Columbus Police Department Officer Benjamin Goodin arrived thereafter and “immediately saw” that Bass’s eyes “were bloodshot and glassy”; that his eyelids “were droopy”; that his “speech was extremely slurred to the point that he had difficulty formulating a thought or sentence”; and that he “had very poor balance where he couldn’t stand up unassisted.” Tr. at 37-38.
After medical personnel took Bass to a nearby hospital, Bass consented to a blood draw. The result of that blood draw demonstrated that Bass had methadone, oxycodone, and zolpidem in his blood at the time of the traffic incident. The State then charged Bass with two counts of OWI, one as a Class A misdemeanor (for the alleged endangerment of others[1]) and one as a Class C misdemeanor (for operating with a schedule I or II controlled substance in the body[2]). At his ensuing bench trial, Bass testified that he had an affirmative defense to at least the Class C misdemeanor allegation,[3] namely, that he had prescriptions for each of the controlled substances found in his blood and that he was “taking them” in the manner that his “doctor [had] told [him] to take them.” Id. at 50.
The trial court rejected Bass’s alleged defense, stating:
it is a defense ... that the accused person consumed the controlled substance under a valid prescription.... But it is not a defense if you are not able to, if taking that medication puts you in a position where you can cause harm to others. So as to the A misdemeanor I will find that you are guilty.... You know passing out in the middle of an intersection is a danger. There’s no doubt about that and[,] although I’ve not seen you[r] prescriptions, even if I take *1102 you at your word, and I will that you have been prescribed those medications ..., it’s abundantly clear to me that you couldn’t have been taking them in the manner in which they were prescribed on that particular occasion.... [Y]ou were under the influence of those drugs in such a manner that you ought not to have been behind the wheel of a car. So I am going to find that you are guilty both of the A and C misdemeanor[s].
Id. at 57-59.
Thereafter, the trial court held a sentencing hearing. Following that hearing, the court entered its written order against Bass. In that order, which is simply titled “Judgment,” the court acknowledged that Bass had been found guilty on both counts but then stated that “the counts merge for the purpose of sentencing.” Appellant’s App. Vol. 2 at 17. The court then ordered Bass to serve one year, all but ten days of which it suspended to probation. The court did not specifically delineate on which counts it had entered its judgment of conviction. This appeal ensued.
Discussion and Decision
 On appeal, Bass contends that the trial court violated his double jeopardy rights when it entered judgment against him for both Class A misdemeanor OWI and Class C misdemeanor OWI. “Entry of conviction for both an offense and its lesser-included offenses ‘is impermissible under both state and federal double jeopardy rules.’ ” Whitham v. State, 49 N.E.3d 162, 168 (Ind. Ct. App. 2015) (quoting Wentz v. State, 766 N.E.2d 351, 359-60 (Ind. 2002)), trans. denied. And it is well-established that both “[t]he offense of operating a vehicle with a controlled substance [as a Class C misdemeanor] ... and the offense of operating a vehicle while intoxicated [as a Class A misdemeanor] cannot stand” under double jeopardy principles when “the presence of the [same controlled substance] was a fact used by the State to prove” both the Class A and the Class C misdemeanors. Kremer v. State, 643 N.E.2d 357, 361 (Ind. Ct. App. 1994), superseded by statute on other grounds, see Vanderlinden v. State, 918 N.E.2d 642, 645 (Ind. Ct. App. 2009), trans. denied; see also Hornback v. State, 693 N.E.2d 81, 85 (Ind. Ct. App. 1998) (reversing a Class C misdemeanor OWI conviction as a lesser included offense to a Class A misdemeanor OWI conviction).
 Further, as we have explained: If a trial court does not formally enter a judgment of conviction on a [finding] of guilty, then there is no requirement that the trial court vacate the “conviction,” and merger is appropriate. Townsend v. State, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting Green v. State, 856 N.E.2d 703, 704 (Ind. 2006)). However, if the trial court does enter judgment of conviction on a [guilty finding], then simply merging the offenses is insufficient and vacation of the offense is required. See id.; Green, 856 N.E.2d at 704; Gregory v. State, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury’s verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).
Kovats v. State, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (emphasis added).
Applying Kovats in a subsequent appeal, we held:
Here, in a document captioned “Judgment,” the trial court noted that [the defendant] was guilty on both counts before determining that Count II merged into Count I. Under these dr- *1103 cumstances, we conclude the court entered judgment on the convictions, and merger was insufficient to remedy the double jeopardy violation. See Kovats[,] 982 N.E.2d [at 415] (determining that the trial court entered judgment on "multiple convictions and that merger without vacatur was inadequate). We thus remand this case with instructions to vacate the conviction of Count II, operating with a blood alcohol content of .15 or more.
West v. State, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), trans. denied.
 The same is true here. In a document captioned “Judgment,” the trial court acknowledged that Bass had been found guilty of both the Class A misdemeanor and the Class C misdemeanor before then declaring that the two counts merged for purposes of sentencing. Appellant’s App. Vol. 2 at 17. This was not a sufficient remedy to the apparent double jeopardy concern. West, 22 N.E.3d at 875. Indeed, the State concedes this issue on appeal. Accordingly, we reverse and remand with instructions to vacate Bass’s conviction for the Class C misdemeanor OWI.
We briefly note that Bass also argues on appeal that the State failed to present sufficient evidence to support his conviction for Class C misdemeanor OWI. In particular, Bass asserts that his testimony demonstrated an affirmative defense under Indiana Code Section 9-30-5-l(d), regarding consumption of a controlled substance under a valid prescription. But, as explained above, we hold that Bass’s conviction for Class C misdemeanor OWI is to be vacated; as such, his challenge to the sufficiency of the evidence underlying a guilty finding on a Class C misdemeanor on which there has been no proper judgment of conviction is, at best, not yet ripe for review. See Carter v. State, 750 N.E.2d 778, 781 (Ind. 2001) (concluding that “[t]here is no particular reason to order a trial court to vacate” a guilty finding on which there is no judgment of conviction). And Bass does not assert that his affirmative defense argument is equally applicable to his Class A misdemeanor conviction, which required the State to show that Bass had operated his vehicle in a manner that endangered a person. See I.C. § 9-30-5-2(b). Indeed, Bass limits his affirmative-defense argument to his purported Class C misdemeanor conviction, and the State expressly relies on that limitation in responding to Bass’s arguments on appeal. Thus, because Bass did not argue on appeal that such an affirmative defense was applicable to the Class A misdemeanor OWI charge, we do not consider it. See Ind. Appellate Rule 46(A)(8)(a).
In sum, we reverse Bass’s conviction for Class C misdemeanor OWI and remand with instructions for the trial court to vacate that conviction.
Reversed and remanded with instructions.
Bailey, J., concurs.
May, J., dissents with separate opinion.

. See Ind. Code § 9-30-5-2 (2016).

. I.C. § 9-30-5-l(c),

.I.C. § 9-30-5-l(d).