## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Elizabeth M. Littlejohn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Varques Lamarr Johnson, *Appellant-Defendant,* | July 27, 2017 |
| v. | Court of Appeals Case No. 49A04-1702-CR-288 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Angela Dow Davis, Judge |
| | Trial Court Cause No. 49G16-1607-F6-28853 |

**Pyle, Judge.**

# Statement of the Case

Varques Johnson ("Johnson") appeals his convictions for Level 6 felony domestic battery committed in the presence of a child[1] and Class A misdemeanor domestic battery.[2] Johnson argues that the victim's testimony that Johnson had hit her did not amount to substantive evidence to prove that he had committed domestic battery against her. Johnson also contends that the trial court violated his right to be free from double jeopardy when it merged his Level 6 felony domestic battery and his Class A misdemeanor battery conviction without vacating his Class A misdemeanor conviction. Concluding that Johnson's first argument is merely a request that we reweigh the evidence and witness credibility, we deny this request and affirm his convictions. Because the circumstances in the record reveal that the trial court entered judgment of conviction on both domestic battery convictions before merging them, we remand to the trial court to vacate Johnson's Class A misdemeanor domestic battery conviction.

We affirm and remand with instructions.

# Issues

1. Whether sufficient evidence supports Johnson's convictions.

---

[1] IND. CODE § 35-42-2-1.3.

[2] *Id.*

2. Whether the trial court violated Johnson's right to be free from double jeopardy.

# Facts

On July 18, 2016, Johnson and Tayllor Nevarez ("Nevarez") were in Johnson's home with their seven-month-old daughter and decided to get something to eat. They left his house and drove separately to the restaurant, with their daughter in the car with Nevarez. In the restaurant parking lot, the two had an argument. Johnson grabbed Nevarez's phone and wallet and began looking through her wallet. He then "ripp[ed] up all of [her] papers" that contained "a lot of stuff for [her] and [her] daughter, like [their] socials, insurance cards, stuff like that." (Tr. 8). Nevarez "begg[ed] and plead[ed] for [Johnson]" to return her belongings, and the two continued "screaming at each other in the parking lot." (Tr. 8). At some point during the argument, Johnson removed Nevarez's glasses from her face and broke them.

Johnson then sat in the backseat of Nevarez's car with their daughter and began going through Nevarez's phone and text messages. Nevarez was seated in the driver's seat. Johnson read a text in which Nevarez had said "something about him." (Tr. 9). Johnson then "hit [her] in [the] face." (Tr. 10). Specifically, he struck her eye. Nevarez then ran into the restaurant and asked to use their phone. The restaurant refused, and she ran back to the parking lot where she found that Johnson had "pulled off and . . . left [their] daughter just in the back seat." (Tr. 13). Nevarez knocked on the car window of Gurline Jones ("Jones") and asked to borrow her phone to call the police. Jones stayed with

Nevarez until the police arrived. She noticed that Nevarez "had a mark on her face" and that Nevarez's glasses were on the ground by her car. (Tr. 22). When Officer Cory Taylor ("Officer Taylor") of the Indianapolis Metropolitan Police Department arrived at the restaurant, he noticed that Nevarez "had slight redness and bruising . . . to the left side of her face." (Tr. 29).

[5] The State charged Johnson with Level 6 felony domestic battery in the presence of a child, Class A misdemeanor domestic battery, and Class A misdemeanor battery causing bodily injury. A bench trial was held where Nevarez, Jones, and Officer Taylor testified to the above. Johnson testified and denied that he had hit Nevarez. During closing arguments, Johnson's attorney argued that Nevarez's and Johnson's testimony had resulted in "two believable stories" from which the trial court needed to decide. (Tr. 47). The trial court found "the [State's] witnesses and the complaining witness, Ms. Nevarez's testimony credible," noting specifically that her account "was corroborated by the witness that [Johnson] did touch her in a rude, insolent, or angry manner and that [he] did so in the presence of [their] seven-month-old child." (Tr. 48).

[6] The trial court then stated that Johnson was "[g]uilty on Count 1, guilty on Count 2, not guilty on Count 3."[3] (Tr. 49). After entering its verdicts, the trial court proceeded directly to sentencing. At the sentencing hearing, the trial court imposed a 365-day sentence, with 363 days suspended to probation. After

---

[3] Nevarez testified that she did not experience pain after Johnson hit her because "at the time . . . [her] adrenaline was rushing." (Tr. 10).

informing Johnson that he had the right to appeal, the trial court stated that "Count 1 and Count 2, they will merge for the purposes of sentencing so it will be the same on Count 1 and Count 2." (Tr. 58).[4] Johnson now appeals.

# Decision

Johnson argues that: (1) there was insufficient evidence to support his convictions, and (2) that a double jeopardy violation occurred when the trial court merged Count 1 and Count 2 for sentencing without vacating Count 2. We will address each of these arguments in turn.

## 1. Insufficient Evidence

Johnson argues that the evidence was insufficient to support his convictions for domestic battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The

---

[4] The Chronological Case Summary ("CCS") and Sentencing Order indicate that the trial court entered a 365-day sentence with 303 days suspended to probation for Count 1.

evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). "In general, the uncorroborated testimony of one victim is sufficient to sustain a conviction." *Holeton v. State*, 853 N.E.2d 539, 541 (Ind. Ct. App. 2006).

[9] The domestic battery statute provides that "a person who knowingly or intentionally . . . touches a family or household member in a rude, insolent, or angry manner" commits Class A misdemeanor domestic battery. I.C. § 35-42-2-1.3(a)(1). The charge increases to a Level 6 felony if "[t]he person who committed the offense is at least eighteen (18) years of age and committed the offense against a family or household member in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." I.C. § 35-42-2-1.3(b)(2). To convict Johnson as charged, the State was required to prove beyond a reasonable doubt that Johnson knowingly touched Nevarez in a rude, insolent, or angry manner in the presence of their seven-month old child.

[10] Johnson argues that there was insufficient evidence to show that he touched Nevarez because her testimony was "self-contradicting [sic], improbable, and

vacillating." (Appellant's Br. 8)[5]. In support, Johnson likens Nevarez's testimony to the testimony of the victim in *Gaddis v. State*, 251 N.E.2d. 658, 253 Ind. 73 (Ind. 1969). In *Gaddis*, our Indiana Supreme Court reversed a defendant's conviction where the victim's testimony regarding the defendant's identity was "vacillating, contradictory and uncertain." *Gaddis*, 251 N.E.2d. 658 at 661.

[11] However, unlike *Gaddis*, here, Nevarez positively identified the defendant and unequivocally testified that he hit her in the face. Johnson's argument is merely a request to reweigh the evidence. We will not reweigh the evidence or judge the credibility of witnesses. *See Drane*, 867 N.E.2d at 146. When entering its verdict, the trial court stated that it found Nevarez's testimony credible. We will not disturb the trial court's credibility determination. Based on the trial court's finding that Nevarez's testimony that the defendant hit her was credible, there was sufficient evidence to substantiate Johnson's conviction. *See Holeton*, 853 N.E.2d at 542 (explaining that a victim's testimony is sufficient to sustain a conviction).

## 2. Double Jeopardy

[12] Johnson also argues that his conviction for Count 2, Class A misdemeanor domestic battery, should be vacated because a double jeopardy violation

---

[5] He also makes a passing reference to incredible dubiosity, but he neither cites the standard nor makes any cogent argument regarding the doctrine's application.

occurred when the trial court entered judgment of conviction on that conviction before merging it into his Count 1 conviction. The State contends a double jeopardy violation did not occur because the trial court only entered judgment and sentenced Johnson on Count 1, Level 6 felony domestic battery.

[13] "[A] defendant's constitutional rights are violated when a court enters judgment twice for the same offense." *Green v. State*, 856 N.E.2d 703, 703 (Ind. 2006). "A double jeopardy violation occurs when judgments of convictions are entered for the same criminal act and cannot be remedied by the practical effect of concurrent sentences or by merger after conviction has been entered." *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014) (internal quotations omitted). "A trial court's act of merging, without also vacating the conviction is not sufficient to cure a double jeopardy violation." *Id*.

[14] In *West*, after a bench trial, the trial court found "West guilty of Count I, Operating While Intoxicated, a Class D felony, and Count II, Operating With a Blood Alcohol Content of .15 or More, a Class D Felony." *Id*. at 874 (internal quotations omitted). The court reiterated West's guilty findings at sentencing and "determined that for sentencing purposes Count II shall be merged with Count I." *Id*. at 875 (internal quotations omitted). The trial court, in a document titled "Judgment," stated that West was "guilty" on Count I and Count II before determining that Count II merged into Count I. *Id*. On appeal, this Court concluded that "[u]nder these circumstances" the trial court had "entered judgment on the convictions," and subsequently held that "merger was insufficient to remedy the double jeopardy violation." *Id*. Our Court then

remanded to the trial court with instructions to vacate West's Count II conviction. *Id*.

[15] Similarly, in *Bass v. State*, 75 N.E.3d 1100 (Ind. Ct. App. 2017), we remanded to the trial court where the trial court had entered judgments of conviction before merging the convictions. Following a bench trial, the trial court found Bass "guilty both of the A and C misdemeanor[s] [OWI]." *Id*. at 1102. Thereafter, the trial court then entered a written order, "simply titled 'Judgment,'" in which it "acknowledged that Bass had been found guilty of both the Class A misdemeanor and Class C misdemeanor *before* then declaring that the two counts merged for the purpose of sentencing." *Id*. at 1103 (emphasis added). This Court held that the merger "was not a sufficient remedy to the apparent double jeopardy concern[,]" and we remanded with instructions to vacate Bass's Class C misdemeanor OWI conviction. *Id*.

[16] The circumstances in *Bass* and *West* mirror those in this case. At the end of the bench trial, the trial court found that Johnson was "[g]uilty on Count 1, guilty on Count 2 [and] not guilty on Count 3." (Tr. 49). At sentencing, the trial court entered a sentence and then applied it to both Counts 1 and 2. Specifically, it then entered a 365-day suspended sentence and stated that "Count 1 and Count 2, they will merge for the purposes of sentencing so it will be the same on Count 1 and Count 2." (Tr. 58). Additionally, under a section titled "Judgment" in the CCS, the trial court listed that the Count 2 "conviction merged." (App. 11).

[17] Based on the specific record before us and our holding in *West*, we find the trial court entered a judgment for Count 2 before merging it into Count 1, which constituted a double jeopardy violation. Accordingly, we remand to the trial court with instructions to vacate the judgment entered for Count 2.[6]

[18] Affirmed and remanded with instructions.

May, J., and Brown, J., concur.

---

[6] We recognize that the CCS section titled "Sentenced" and trial court's Sentencing Order show that the trial court entered the 365-day on Count 1 only. However, the remainder of the record indicates that the trial court found defendant guilty and entered judgment on Count 2 before merging that.