## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kahteith Moeseley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 31, 2017<br><br>Court of Appeals Case No.<br>49A05-1705-CR-905<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Angela Dow Davis, Judge<br><br>Trial Court Cause No.<br>49G16-1604-F6-14580 |

**Crone, Judge.**

## Case Summary

Kahteith Moeseley appeals his convictions, following a jury trial, for level 6 felony operating a vehicle while intoxicated ("OWI") and class C misdemeanor operating a vehicle with an alcohol concentration equivalent ("ACE") of 0.08 or more.[1] He contends that the State presented insufficient evidence that he endangered a person to support his level 6 felony OWI conviction. He further asserts that his two convictions violate double jeopardy principles. Finding the evidence sufficient, and noting that the State properly concedes that the class C misdemeanor conviction must be vacated on double jeopardy grounds, we affirm in part and remand with instructions.

## Facts and Procedural History

On April 15, 2016, Indianapolis Metropolitan Police Department ("IMPD") Officers Clayton Goad and Carl Clark responded to the scene of a vehicle accident at the intersection of 42nd Street and Arborcrest Drive in Marion County. When the officers arrived, they observed the two vehicles that appeared to have been involved in the accident and several individuals arguing between the vehicles. Forty-seven-year-old Moeseley told Officer Goad that he was the driver of one of the vehicles, and that he had passengers in his vehicle. Officer Goad observed a child inside Moeseley's vehicle who appeared to be younger than ten years old. Moeseley stated to Officer Goad that he was

---

[1] Moeseley was also convicted of two counts of class A misdemeanor invasion of privacy. He does not appeal those convictions.

stopped at the intersection waiting to turn, and that when he turned, he was struck by the other vehicle on the passenger side of his vehicle. As Moeseley spoke to Officer Goad, the officer noticed that Moeseley had glassy, bloodshot eyes, slurred speech, and unsteady balance. Officer Goad also detected the odor of alcoholic beverage on Moeseley's person. Based upon his observations, as well as his training and experience, Officer Goad believed that Moeseley was intoxicated. Accordingly, Officer Goad called for the assistance of the "DUI unit[]." Tr. at 18.

[3] IMPD Officer Nicholas Wroblewski, a member of the "DUI [T]ask [F]orce," subsequently arrived at the scene of the accident. *Id.* at 38. Officer Wroblewski made contact with Moeseley to investigate "the facts of the crash" and the "suspected" impaired driver. *Id.* at 39. Moeseley informed Officer Wroblewski that his vehicle was stationary in the intersection as he then made a turn, and the other car hit him. Moeseley stated that he had two passengers in his car. Officer Wroblewski observed that one of the passengers was a child. Officer Wroblewski observed that Moeseley exhibited numerous signs of intoxication. After Moeseley failed all three field sobriety tests administered by Officer Wroblewski, the officer determined that he had probable cause to "offer [Moeseley] the chemical test." *Id.* at 49. Moeseley consented to the test, and he was transported to a local hospital for a blood draw. The results of the chemical test revealed that Moeseley had an alcohol concentration equivalent of 0.134 grams of alcohol per 100 milliliters of blood. *Id.* at 80.

[4] The State charged Moeseley with five counts: level 6 felony neglect of a dependent; level 6 felony OWI; class C misdemeanor operating a vehicle with an ACE of 0.08 or more; and two counts of class A misdemeanor invasion of privacy. The State subsequently dismissed the neglect of a dependent charge. Following a trial, the jury found Moeseley guilty as charged on the remaining four counts. The trial court sentenced Moeseley to concurrent sentences on all four counts, for an aggregate sentence of 545 days, with 365 days suspended to probation and the remaining time to be served in community corrections. This appeal ensued.

## Discussion and Decision

[5] Moeseley contends that the State presented insufficient evidence to support his level 6 felony OWI conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[6] A person who operates a vehicle while intoxicated commits a class C misdemeanor. Ind. Code § 9-30-5-2(a). The offense is elevated to a class A misdemeanor if the person operates a vehicle in a manner that endangers a

person. Ind. Code § 9-30-5-2(b). The offense is further elevated to a level 6 felony if the person is twenty-one years of age and operated a vehicle in which at least one passenger was less than eighteen years of age. Ind. Code § 9-30-5-3. Moeseley concedes that the evidence presented by the State clearly established that he was over the age of twenty-one and that he operated a vehicle while intoxicated with a passenger who was less than eighteen years of age. His sole assertion on appeal is that the State failed to provide sufficient evidence of endangerment.

[7]     To prove that Moeseley operated a vehicle "in a manner that endanger[ed] a person," the State had to present evidence "showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *See Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied* (2010). Endangerment does not require "a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction." *Id*. at 644-45. However, the State is required to submit proof of endangerment that goes beyond mere intoxication. *Outlaw v. State*, 918 N.E.2d 379, 382 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010).

[8]     Here, the evidence presented by the State went beyond mere intoxication. In addition to the evidence of Moeseley's intoxication, the State presented evidence that Moeseley was operating a vehicle when a collision occurred. The evidence indicates that another vehicle struck Moeseley's vehicle on the passenger side as Moeseley turned. The jury could reasonably infer that

Moeseley's impaired judgment caused him to recklessly turn in front of another vehicle, resulting in a collision, and thus that his condition or operating manner could have endangered any person. Moeseley's assertions to the contrary are simply a request for us to reweigh the evidence in his favor, and we will not. The State presented sufficient evidence to support Moeseley's level 6 felony OWI conviction.

[9] Having said that, we agree with Moeseley, and the State concedes, that his convictions for both level 6 felony OWI and the lesser included class C misdemeanor operating a vehicle with an ACE of 0.08 or more cannot stand based on double jeopardy principles. *See Hornback v. State*, 693 N.E.2d 81, 85 (Ind. Ct. App. 1998) (noting that offense of operating a vehicle with a BAC of .10% or more is lesser included offense of OWI); *see also Bass v. State*, 75 N.E.3d 1100, 1102 (Ind. Ct. App. 2017) (noting that entry of conviction "for both an offense and its lesser included offenses" is impermissible under both state and federal double jeopardy rules). Our review of the sentencing transcript reveals that the trial court attempted to avoid a double jeopardy violation by merging the convictions and sentencing Moeseley to concurrent terms. However, it is well settled that merger of convictions, without vacatur, is insufficient to remedy a double jeopardy violation. *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied* (2015). We thus remand with instructions to vacate the conviction on the lesser-included offense.

[10] In sum, we affirm Moeseley's level 6 felony OWI conviction and remand with instructions for the trial court to vacate the lesser conviction and sentence.

Affirmed in part and remanded with instructions.

Vaidik, C.J., and Mathias, J., concur.