# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 26 2018, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gabriel Morales, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 26, 2018 <br><br> Court of Appeals Case No. 18A-CR-1083 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Ronnie Huerta, Magistrate <br><br> Trial Court Cause No. 49G19-1704-CM-12045 |

**Tavitas, Judge.**

# Case Summary

[1] Gabriel Morales appeals his vacated conviction for operating a vehicle with an alcohol concentration equivalent of .15 or greater, a Class A misdemeanor. We dismiss.

# Issue

[2] Morales raises one issue, which we restate as whether the evidence is sufficient to sustain his vacated conviction for operating a vehicle with an alcohol concentration equivalent of .15 or greater, a Class A misdemeanor.

# Facts

[3] On March 28, 2017, Tylene Hampton was driving home from work at approximately 9:05 p.m. when her vehicle was struck by a vehicle driven by Morales. Morales also struck a vehicle driven by Lakshami Mitchell. When Morales got out of his car, Hampton saw that Morales appeared to be intoxicated. Officer Bryan Rigby of the Indianapolis Metropolitan Police Department arrived on the scene and also observed that Morales appeared to be intoxicated. Morales' blood alcohol concentration was .261.

[4] The State charged Morales with: (1) Count I, operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; (2) Count II, operating a vehicle with an alcohol concentration equivalent of .15 or greater, a Class A misdemeanor; and (3) Count III, operating a motor vehicle without ever receiving a license, a Class C misdemeanor. After a bench trial, the trial court found Morales guilty of Count I and Count II and not guilty of Count III.

The trial court, however, "vacated" Count II. Appellant's App. Vol. II p. 11. On Count I, the trial court sentenced Morales to 365 days with 355 days suspended to probation.

## Analysis

Morales appeals his vacated conviction for Count II, operating a vehicle with an alcohol concentration equivalent of .15 or greater, a Class A misdemeanor.[1]

Morales is challenging a conviction that was vacated. We held in *Bass v. State*, 75 N.E.3d 1100, 1103 (Ind. Ct. App. 2017), that a challenge to the sufficiency of the evidence underlying a guilty finding "on which there has been no proper judgment of conviction is, at best, not yet ripe for review." Similarly, here, Morales' challenge to the sufficiency of the evidence regarding his vacated conviction is not yet ripe for review. *See, e.g., Bass*, 75 N.E.3d at 1103 (holding that the defendant's challenge to the sufficiency of the evidence underlying his vacated Class C misdemeanor was not yet ripe for review). Consequently, we dismiss Morales' appeal.

## Conclusion

Morales' appeal of his vacated conviction is not ripe. We dismiss.

Dismissed.

---

[1] Morales makes no argument regarding his conviction for Count I, operating a vehicle while intoxicated endangering a person, a Class A misdemeanor.

Brown, J., and Altice, J., concur.