## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2019, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Marc Lopez | Curtis T. Hill, Jr. |
| The Marc Lopez Law Firm | Attorney General |
| Indianapolis, Indiana | |
| | Chandra K. Hein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Junior Mapanda, | February 19, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-1701 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Jason Reyome, Magistrate |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G08-1711-CM-45410 |

**Crone, Judge.**

# Case Summary

After a bench trial, Junior Mapanda was found guilty of class A misdemeanor operating a vehicle while intoxicated ("OWI") endangering a person and class C misdemeanor operating a vehicle with an alcohol concentration equivalent ("ACE") of .08 or more. The trial court merged the latter conviction with the former, presumably because of double jeopardy concerns, and sentenced him to probation. On appeal, Mapanda argues that the State failed to prove beyond a reasonable doubt that he committed OWI endangering a person. We conclude that the State presented sufficient evidence that Mapanda operated his vehicle while intoxicated but did not present sufficient evidence of endangerment; therefore, we reverse and remand with instructions to enter judgment of conviction on the lesser included offense of class C misdemeanor OWI and resentence Mapanda accordingly. Upon remand, the trial court must also vacate the ACE conviction because merger was an insufficient remedy to the double jeopardy concern.

# Facts and Procedural History

At 11:00 p.m. on November 26, 2017, Officer Gregory Hunter started his shift as a patrolman for the Marian University Police Department. Sometime later, as he was "cruising up and down the streets[,]" Officer Hunter noticed a black Cadillac Escalade "just sitting" off Cold Spring Road at the entrance of a

driveway leading to Cold Spring School. Tr. Vol. 2 at 12.[1] The officer "didn't think anything of it" and continued his patrol. *Id.* At 12:52 a.m., Officer Hunter saw that the Escalade was still parked at that location. He "wasn't sure what was going on or what [he] had[,]" so he parked his patrol car behind the Escalade and "activated [his] light bar[.]" *Id.* at 11, 10. He saw that the Escalade's engine was running, Mapanda "was passed out" in the driver's seat, and the transmission was in park. *Id.* at 12.

[3] Officer Hunter called for backup. When the backup officer arrived, Officer Hunter knocked on the driver's door and asked if Mapanda was okay, but Mapanda failed to respond. The backup officer opened the passenger door, and Mapanda woke up. Officer Hunter noticed that Mapanda had "very slurred speech[,]" "glassy eyes[,]" and "the odor of an alcoholic beverage on his breath and person[.]" *Id.* at 14, 13. Officer Hunter suspected that Mapanda "could have been intoxicated" and "immediately placed him in handcuffs." *Id.* at 15, 14. Mapanda "was pretty unsteady on his feet[,]" so the officer "didn't think that it would be safe" to administer any field sobriety tests. *Id.* at 16. Mapanda was transported to a hospital, where he consented to a blood draw that was performed at 2:13 a.m. and revealed an ACE of .184.

[4] The State charged Mapanda with class A misdemeanor OWI endangering a person under Indiana Code Section 9-30-5-2(b), class C misdemeanor operating a vehicle with an ACE of .08 or more under Indiana Code Section 9-30-5-1(a),

---

[1] At trial, Officer Hunter could not "nail down [the] time" he saw the Escalade. Tr. Vol. 2 at 12.

and class A misdemeanor operating a vehicle with an ACE of .15 or more under Indiana Code Section 9-30-5-1(b). After a bench trial, the court found Mapanda guilty of the first two counts, merged the ACE conviction with the OWI conviction, presumably because of double jeopardy concerns, and sentenced him to 360 days' probation for OWI. Mapanda now appeals.

## Discussion and Decision

## Section 1 – The State presented sufficient evidence that Mapanda operated his vehicle while intoxicated.

[5] Indiana Code Section 9-30-5-2(a) provides that "[a] person who operates a vehicle while intoxicated commits a Class C misdemeanor." The offense "is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." Ind. Code § 9-30-5-2(b). Indiana Code Section 9-13-2-117.5 defines "operate" in pertinent part as "to navigate or otherwise be in actual physical control of a vehicle …." And Indiana Code Section 9-13-2-86 defines "intoxicated" in pertinent part as under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." We first address Mapanda's argument that the State failed to present sufficient evidence that he operated his vehicle while he was intoxicated.[2]

---

[2] Mapanda frames the issue as one of statutory interpretation. We agree with the State that the issue is properly characterized as a challenge to the sufficiency of the evidence.

[6]     In reviewing the sufficiency of the evidence, "we neither reweigh the evidence nor judge the credibility of witnesses." *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider only "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. (quoting *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009) (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). "A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id*.

[7]     A "conviction … may be based purely on circumstantial evidence." *Id*. at 1067 (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)). On appeal, "[i]t is 'not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.'" *Id*. (quoting *Meehan v. State*, 7 N.E.3d 255, 257 (Ind. 2014)). "[W]here the evidence is such that the trier of fact might reasonably draw two opposing inferences, it is not within the province of [an appellate] court to determine which inference should control. This determination is left to the trier of fact." *Young v. State*, 257 Ind. 173, 177, 273 N.E.2d 285, 287 (1971).

[8]     Although Mapanda may not have been operating the vehicle, i.e., navigating it or otherwise in actual physical control of it, when Officer Hunter found him sleeping in it, a reasonable inference can be drawn from the evidence presented at trial that he operated it to get to Cold Spring School. And given Mapanda's

ACE of .184 over an hour after he was awakened by the officers, his exhibition of several indicia of intoxication,[3] and the lack of evidence of any alcoholic beverages in his vehicle, a reasonable inference can be drawn that he consumed a sizable amount of alcohol before he drove to the school and operated his vehicle while intoxicated. *Cf. Flanagan v. State*, 832 N.E.2d 1139, 1141 (Ind. Ct. App. 2005) (finding insufficient evidence of operating while intoxicated, where defendant could have consumed beer, from cans found in car, after car broke down and State presented no evidence as to when defendant consumed alcohol). Mapanda's argument to the contrary is simply a request to reweigh evidence and draw inferences in his favor, which we may not do.

## Section 2 – The State did not present sufficient evidence that Mapanda operated his vehicle in a manner that endangered a person.

[9] Mapanda also argues that the State failed to present sufficient evidence that he operated his vehicle in a manner that endangered a person. "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010). But "the State is required to present evidence beyond mere intoxication in order to prove the

---

[3] *See Mathews v. State*, 978 N.E.2d 438, 443 (Ind. Ct. App. 2012) (finding sufficient evidence of intoxication for public intoxication conviction based on defendant's "slurred speech," "glassy eyes," and "odor of an alcoholic beverage"), *trans. denied* (2013).

element of endangerment and support a conviction of OWI as a Class A misdemeanor." *Temperly v. State*, 933 N.E.2d 558, 567 (Ind. Ct. App. 2010), *trans. denied* (2011), *cert. denied*; *see also Sesay v. State*, 5 N.E.3d 478, 484-85 (Ind. Ct. App. 2014) (rejecting State's argument "that unsupported speculation about what might happen or what could have happened is enough to prove endangerment" because "simply getting into a vehicle in an intoxicated state would constitute endangerment and every [OWI] offense would be the Class A misdemeanor."), *trans. denied*.

[10] The State argues that Mapanda endangered others by "blocking the exit" from the school's driveway onto Cold Spring Road, noting Officer Hunter's testimony that "[e]ven at night, you still got janitors in and out" of the school. Appellee's Br. at 13; Tr. Vol. 2 at 14. Although the officer initially testified that Mapanda's Escalade was "blocking [the] entrance" to the driveway, Tr. Vol. 2 at 13, he later clarified that the vehicle "wasn't creating a public safety emergency at that time[,]" *id*. at 19-20, and Defense Exhibit A (an aerial photograph of the driveway on which the officer marked the location of the Escalade) confirms that Mapanda's vehicle was not blocking the entrance. The State presented no other evidence regarding Mapanda's operation of the vehicle at trial and makes no other argument regarding endangerment on appeal, and therefore we agree with Mapanda that the State failed to prove endangerment beyond a reasonable doubt. *See Outlaw*, 918 N.E.2d at 382 (finding insufficient evidence of endangerment where State presented no evidence that defendant

operated vehicle in unsafe manner).[4] Consequently, we reverse Mapanda's conviction for class A misdemeanor OWI under Section 9-30-5-2(b) for insufficient evidence and remand to the trial court with instructions to enter judgment of conviction on the lesser included offense of class C misdemeanor OWI under Section 9-30-5-2(a) and resentence him accordingly. *See Burnett v. State*, 74 N.E.3d 1221, 1226 (Ind. Ct. App. 2017) ("When a conviction is reversed because of insufficient evidence, we may remand to the trial court with instructions to enter a judgment of conviction on a lesser-included offense if the evidence is sufficient to support the lesser offense. Operating a vehicle while intoxicated is an inherently lesser-included offense of operating a vehicle while intoxicated endangering a person.") (citation omitted).

## Section 3 – Mapanda's ACE conviction must be vacated.

[11] Mapanda also raises a sufficiency challenge to his ACE conviction, which we need not address because we affirm his OWI conviction as a class C misdemeanor. On remand, however, the trial court must vacate his ACE conviction because merger of the convictions was "not a sufficient remedy to the apparent double jeopardy concern." *Bass v. State*, 75 N.E.3d 1100, 1103 (Ind. Ct. App. 2017).[5]

---

[4] Common sense might suggest that someone with Mapanda's elevated ACE and symptoms of intoxication must have endangered himself or others by operating his vehicle, but absent any eyewitness or expert testimony or probative circumstantial evidence to support a finding of endangerment, nonetheless, we follow *Outlaw* in reversing Mapanda's conviction for OWI as a class A misdemeanor.

[5] The State's claim that the trial court vacated Mapanda's ACE conviction is unsupported by the record.

[12]    Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.